UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ROBERT LEVERT,** | ) |
| Petitioner, | ) ) ) |
| v. | ) Civil Action Number: ) **2:16-cv-01971-AKK-JHE** |
| **CHARLES TIPTON, et al.,** | ) ) |
| Respondents. | ) |

## MEMORANDUM OPINION

On May 5, 2017, the magistrate judge entered a Report and Recommendation, doc. 8, recommending that the petition for writ of habeas corpus be dismissed with prejudice. Petitioner Robert Levert filed objections on May 19, 2017. Doc. 9. The court has considered the entire file in this action, together with the report and recommendation, and has reached an independent conclusion that the report and recommendation is due to be adopted and approved.

Levert raises five objections to the report and recommendation's finding that his claims were barred by the applicable statute of limitations. The first of these objections reasserts his petition's second claim, which is that he lacked counsel at arraignment in violation of the Sixth Amendment. *Compare* doc. 9 at 3 *with* doc. 1 at 7. The second faults the magistrate judge's conclusion that Levert failed to present "new evidence" sufficient to demonstrate his actual innocence, arguing that

"clerk records and transcript that had not previously been review [sic] by lower court . . . must be considered new discovered evidence." Doc. 9 at 3. Levert's third objection argues the magistrate judge erred by finding he failed to exercise due diligence to timely file his habeas petition and offers examples of his diligence, including an attached letter from the Alabama Department of Archives and History responding to a record request from Levert, dated July 8, 2015, and a record request directed to the Jefferson County Circuit Clerk, dated September 17, 2015. *Id.* at 4, 6–7. Fourth, Levert contends the magistrate judge abused his discretion when he failed to grant Levert an evidentiary hearing. *Id.* at 4. Finally, Levert states his rights to due process and equal protection were violated in this proceeding when he was "denied the benefit of a record to pursue these claims." *Id.* at 5.

Levert's objections are meritless. Levert's first objection does not actually contest the magistrate judge's findings that his claims are time-barred, nor does it offer any reason to conclude that Levert can overcome the statute of limitations. And as for Levert's fourth claim, that no evidentiary hearing was held in this case, he is not entitled to an evidentiary hearing "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief[.]" *Schriro v. Landrigan*, 550 U.S. 465, 474, 127 S. Ct. 1933, 1940, 167 L. Ed. 2d 836 (2007). The

magistrate judge did not err in failing to provide a rationale for not holding an evidentiary hearing in this case due to the fact that Levert's claim are time-barred.

Levert's second, third, and fifth claims overlap in that they implicate Levert's inability to obtain the records he says demonstrate his actual innocence. To the extent Levert argues equitable tolling saves his claim from being time-barred because these records were unavailable to him until they were supplied by the state in this habeas action, as the magistrate judge stated, Levert offers no reason why the court should find that his efforts within the last several years to obtain these records supports a finding that he has diligently tried over the last thirty years to retrieve these records, or that an extraordinary circumstance prevented him from obtaining the documents prior to the expiration of the statute of limitations in April 1997. *See Holland v. Florida,* 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Moreover, these records—which Levert simultaneously argues were produced in this case, doc. 9 at 3 ("[t]his court at bar had the benefit of clerk records and transcript that had not previously been review [sic] by any lower court"), and unavailable to him in this case, doc. 9 at 5 ("[t]his court committed error by violating petitioner's Due Process and Equal Protection Clause, Fifth Amendment U.S.C. [sic] because Mr. Levert did not have the benefit of a record to pursue these claims")—are not "new evidence" showing Levert was actually innocent because they do not establish, as

3

he claims, that he executed a plea agreement prior to trial. Rather, the records show only that there were negotiations that evidently failed to produce a plea agreement.[1] *See* doc. 4-1 at 2–12. Finally, as for Levert's claim he was unable to utilize the records produced in this case, he filed a traverse, doc. 6, and an amendment to that traverse, doc. 7, following the production of the documents, and could have raised any factual or legal argument he believed to be supported by the records in his traverse. It is simply unclear how this court contributed to whatever error Levert believes resulted from the fact that he had not, allegedly, previously had access to those records.

Accordingly, the court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of this court. The petition for writ of habeas corpus is due to be dismissed. A separate order will be entered.

This court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional

---

[1] While Levert argues that the records presented in this action "had not previously been reviewed by any lower court," this is plainly incorrect, as they all relate to either Levert's direct appeal of his conviction, (docs. 4-1, 4-2, 4-3, 4-4, & 4-5), or his Rule 32 proceeding, (docs. 4-6, 4-7, 4-8, 4-9, 4-10, 4-11, 4-12, & 4-13).

claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). This court finds Petitioner's claims do not satisfy either standard.

**DONE** the 23rd day of May, 2017.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE